FORT, COM'R, *et al.* v. DIXIE OIL CO.

SAME *v.* HAMMETT OIL CO.

SAME *v.* HUDSON.

(*Nashville,* December Term, 1936.)

Opinion filed February 13, 1937.

Daniel Boone, of Nashville, for Erle Hudson.

Richard M. Atkinson, of Nashville, for Dixie Oil Co.

Jordan Stokes, Jr., Jordan Stokes, III, and J. Whitworth Stokes, all of Nashville, for Hammett Oil Co.

Norman Farrell, of Nashville, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

In these three causes this court reviewed the action of the chancellor in quashing distress warrants levied on property of the several defendants for the collection of gasoline taxes claimed to be due the state, delivery bonds being made in that court, and adjudged the action of the chancellor to be void as beyond his jurisdiction. The decrees of this court were entered July 3, 1936.

Motions are now presented in these causes, supported by affidavit of counsel for the state, (1) to substitute Walter Stokes, Jr., present Commissioner of Finance and Taxation of Tennessee in the stead of Dancey Fort, former Commissioner, as one of the parties to these causes, the said Fort having resigned his office since the hearing in this court; (2) for the entry of *procedendos* from the United States Supreme Court upon the minutes

of this court and judgment thereon in the causes in which Dixie Oil Company and Erle Hudson are defendants; and (3) for proper orders directing the trial court in these three causes to follow the judgment and opinion of this court and for further proceedings in the trial court consistent with the opinions and decrees heretofore entered in this court in the said causes, particularly with reference to proceedings for restitution, or decrees for the value of the properties taken from the sheriff.

No substantial objection has been made to the motions for entry of the *procedendos* from the Supreme Court of the United States, or for substitutions of the name of the present Commissioner of Finance and Taxation for that of Dancey Fort, who has resigned, and these motions are granted and proper minute entries will be made.

Counsel for the defendants resist the further motions as beyond the jurisdiction of this court. We are of opinion that it is proper that the decrees heretofore entered in these causes should be so far amended as to provide for a remand of these causes and the issuance of *procedendos* to the chancery court for all such proceedings as are consistent with the opinions and decrees of this court heretofore entered in said causes, and such orders will be made and entered upon the minutes of this court.

The orders thus made are made pursuant to the authority expressly conferred by section 8721 of the Code of 1932, being a modified re-enactment of section 2877 of the Code of 1858, providing that, ''Any court of record may, at any time within twelve months after final judgment or decree, and while the cause is still in such Court, amend any . . . omission in the judgment or decree, where there is sufficient matter apparent on the

record," etc. This court is of opinion that an "omission" is apparent from an inspection of the opinions of this court filed in said causes in that, consistent with said opinions, it is apparent that a remand of said causes was called for, in order that justice might be done, and, particularly, in order that the trial court might proceed to entertain and act upon all such motions and applications as might be found proper under the conditions presented, or made to appear.

Counsel for defendants, in support of their objection to such order of remand at this time, call to the attention of the court and rely upon the opinion in *Hill* v. *Walker,* reported in 66 Tenn. (7 Baxt.), 310, wherein the court declined to modify or alter a decree made at a former term and order a remand. In the opinion in that case it was said: "Our control over the decree ceased with the term, unless to correct such mistakes or errors of inadvertence as are provided for by statute. This is not that kind of case." This expression of the court, particularly in the use of the words "errors of inadvertence," suggests that the court had in mind section 4501 of the Code of 1858, under chapter 1 (tit. 11) dealing with the jurisdiction of the Supreme Court, and that the reference in the opinion to the "statute" was a reference to that particular statute which reads, "In all cases in which the Supreme Court may give judgment through inadvertence and oversight, when upon the face of the record no cause of action existed against the party, the court may, upon its own motion, vacate such judgment."

Under that statute there is no limitation of time within which the court was empowered to act in the situation therein provided for. However, the court is thereby authorized alone to "vacate" a judgment, when it de-

velops that "no cause of action existed against the party;" or, by the next succeeding section, 4502, to "correct mistakes." The court might well have held the additional order moved for in the *Hill Case* beyond the restricted powers conferred on the court by that statute.

However, under section 8721, which we conceive to confer authority upon this court to so amend as to cure an "omission," while the court's authority to act is limited to "any time within twelve months," the scope of the authority as to subject-matter is much broader than that conferred in section 4501 of the Code of 1858, above quoted, expressly including an omission.

The report of the case of *Hill* v. *Walker* does not disclose that the application was made in that case for a further decree within twelve months of the entry of the original decree, and we think it fair to assume that the court, in *Hill* v. *Walker,* refused to make the decree applied for at that time, either because more than twelve months had elapsed, rendering the provisions of section 8721 of the Code of 1932 (substantially identical with section 2877 of the Code of 1858), inapplicable; or, because the attention of the court was not directed thereto, this section appearing in another part of the Code of 1858 under chapter 8, tit. 1, pt. 3, dealing with "the amendment of actions" in specified courts.

█ Whatever may have been the reasons had in mind by the court in rendering the opinion in *Hill* v. *Walker, supra,* we are persuaded that full authority is vested in this court by Code, section 8721 to provide by amendment of the decrees of this court at any time within twelve months after entry of such decrees, for any omissions such as we find here, in said original decrees of matters which should have been incorporated therein, consistent

with the opinion of the court and proper for the full execution and carrying out of said decrees, in the interest of justice.

The motions will be sustained and entries made in accordance with the holdings hereinbefore set forth, but in so far as the motions seek judgments in this court on the delivery bonds or for restitution, the motions are disallowed.